Memorandum. Order reversed and the indictment dismissed. The certificate of release executed by the defendant, a parolee, provided,
 
 inter alia,
 
 that he would not purchase, own or possess firearms of any nature, and that he consented to a search by representatives of the Board of Parole at any time, of his person, residence, or any property or premises under his control. Search of an apartment at No. 576 Madison Avenue resulted in the finding of a revolver and some ammunition. Testimony at the hearing on the motion to suppress revealed that the apartment was rented to one Warner and that defendant resided elsewhere at No. 486 Madison Avenue.
 

 The caretaker at No. 576 testified that the rent was paid by Warner and that she had never seen defendant in the premises. Defendant, testifying in "his own behalf, stated that he had
 
 *934
 
 visited the apartment on occasion, had left a jacket in the apartment and had also lent a record player and some records to Warner. On at least one occasion Warner had given defendant a key, which was returned, in order that he might have access to the apartment. From the record it appears that none of this information was available at the time of the search and could not have supplied or constituted probable cause. Defendant was not in the apartment when the gun was found at or about 9:00 p.m. on January 12, 1972, but was located several hours later. There is no evidence that defendant then, or immediately prior thereto, had in his possession a key to the apartment. Following a denial of his motion to suppress, defendant entered a plea of guilty. However, such a plea does not foreclose defendant’s right to appeal his conviction (GPL 710.70, subd. 2). After affirmance of the conviction by the Appellate Division, leave to appeal further was granted by this court (GPL 450.90).
 

 As heretofore stated, under the terms of the certificate of release, defendant consented to any search by parole representatives of premises under his control. The People justify the search on the basis of such consent. The difficulty is that on this record the People have failed to establish the necessary . control of the apartment by defendant as is required by the certificate. It was not demonstrated that defendant exercised such dominion over the apartment as to have the power or authority to manage the apartment or to limit or bar the ingress or egress of others. Neither regularity nor constancy of visits, ready access, permanent key possession or other indicia of control were shown in such measure as to establish that fact.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Waohtleb, Rabin and Stevens concur.
 

 Order reversed, etc.